**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-21301
Summary Calendar

UNITED STATES OF AMERICA,

                                                        Plaintiff-
                              Appellee,

                    versus

GARY STEPHEN DIECKMANN,

                                                        Defendant-
                              Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-82-ALL
-------------------------------------------------------------
March 18, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Gary Dieckmann appeals from a guilty-plea conviction for one count of bank robbery in

violation of 18 U.S.C. § 2113(a). Dieckmann argues that the district court failed to inquire into the

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

effect of Dieckmann's medication for schizophrenia on his thought process. As a result, Dieckmann argues that the court failed to ensure that he entered a knowing and voluntary guilty plea.

Dieckmann made no objection with respect to his competency during the guilty-plea hearing, therefore his argument is reviewed for plain error. See United States v. Vonn, 122 S. Ct. 1043, 1046 (2002). Although Dieckmann argues that he preserved the issue by adopting his psychiatrist's opinion at an earlier hearing, that reference was simply to an understanding of the charge. The psychiatrist testified that Dieckmann understood the charges but that he was unable to assist in his defense. Therefore, this statement did not preserve error as to competency. The district court's determination that a defendant was competent may not be set aside on review unless it was clearly arbitrary or unwarranted. United States v. Dockins, 986 F.2d 888, 890 (5th Cir. 1993).

The district court conducted a thorough hearing on the issue of Dieckmann's competency. The court relied on the testimony from two psychiatric doctors who examined Dieckmann on the day of the competency hearing and who concluded that Dieckmann could recall his offense with clarity and specificity. During the guilty-plea hearing, the court inquired into whether Dieckmann had been treated for mental health problems and whether he was currently on medication. Dieckmann's responses were cogent and the court was entitled to infer from his responses and demeanor that Dieckmann was competent to stand trial. See Dockins, 986 F.2d at 893. Accordingly, the district court did not commit plain error and the judgment is AFFIRMED.